UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MARC DAVID WORDEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-206 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC. et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PRLA also requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss without prejudice Plaintiff's claims against Defendants CMS, Pramstaller, Bergerding, Messany, Nelson, Wisniewski, Spitlers, Isaacs, and any unnamed members of the Pain Management Committee because Plaintiff

has failed to demonstrate exhaustion of available administrative remedies. The Court will dismiss with prejudice Plaintiff's allegations against Defendant Filsinger for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Carson City Correctional Facility (DRF), although the actions he complains of occurred, in part, while he was housed at the Muskegon Correctional Facility (MCF). In his *pro se* complaint, Plaintiff sues Correctional Medical Services, Inc. (CMS), MDOC Chief Medical Officer George Pramstaller, MDOC Regional Health Administrator William Bergerding, MCF physicians (Unknown) Messany and (Unknown) Nelson, MCF physician's assistants (Unknown) Wisniewski and (Unknown) Spitlers, DRF physician Gamat Isaacs, DRF physician's assistant (Unknown) Filsinger, and other unnamed members of the Pain Management Committee.

Plaintiff claims that, between January 2002 and March 2004, while he was housed at MCF, he sought treatment for significant pain that at times prevented him from leaving his bed. Defendants Messany, Nelson, Wisniewski and Spitlers apparently prescribed various medications over that time from which Plaintiff alleges he either received no relief or experienced intolerable side effects. Plaintiff alleges that these Defendants failed to seek an accurate diagnosis for his pain. After Defendant Messany left MCF in April 2003, Plaintiff alleges his treatment became even more sporadic.

On February 3, 2004, Plaintiff filed a grievance concerning his treatment (MCF 04-02-00091-12d). In his grievance, he alleged that he had put in a health care request for treatment for his chronic back problem on December 17, 2003. He alleged that he was seen by the nurse on

January 6, 2004, and was told that an appointment with the doctor would be scheduled. On February 3, 2004, Plaintiff was again seen by the nurse instead of the doctor. Plaintiff filed a grievance the same day. The grievance did not name any individuals but simply alleged that Plaintiff had been denied his right to see a doctor. Plaintiff received a response to his Step I grievance on February 12, 2004, indicating that he had been seen by the nurse on January 6, 2004, and had been put on the waiting list to see the doctor, but there existed a backlog of appointments for the treating physician. The response indicated that Plaintiff was scheduled to see the doctor in the next two weeks. The grievance response also noted that Plaintiff continued to receive medication for his chronic problem. Plaintiff appealed to both Steps II and III, but received no responses.

On March 23, 2004, Plaintiff was transferred to DRF. He alleges that he wrote to Defendant Pramstaller complaining of his past health problems. Pramstaller apparently forwarded Plaintiff's letter to Defendant Bergerding, who responded to Plaintiff that an accurate diagnosis was required for treatment. Plaintiff saw Dr. Isaacs on April 19, 2004, who denied his request for an MRI, instead continuing Plaintiff's treatment with pain medication. An MRI was finally ordered in August 2004, at which time Plaintiff was diagnosed with "multi-level neural exiting canal narrowing (some moderate to severe) secondary to unconvertabral [sic] and facet joint arthritis." Plaintiff alleges that, on August 27, 2004, Defendant Filsinger briefly explained that arthritis was causing Plaintiff's neural canals to shrink and pinch or aggravate nerves, causing pain and numbness. Filsinger allegedly told Plaintiff a follow-up appointment would be scheduled with Dr. Isaacs in four weeks. After several weeks, Plaintiff discovered that no appointment had been made.

On September 27, 2004, Plaintiff wrote a grievance (DRF 04-09-1529-12E) complaining that he had received no follow-up with the physician and that he had received no

treatment, accommodations or medication for his chronic back problems and numbness. As a remedy for the lack of care, Plaintiff's grievance requested completion of paperwork and referral to the Pain Management Committee. Plaintiff received a response at Step I indicating that, after initial consultation between the physician and physician's assistant after the August 27 appointment, no appointment with the physician had been recommended. The response also stated that after Plaintiff sent a health care kite on September 29, 2004, questioning possible back surgery and requesting information, an appointment was scheduled with a physician. The grievance therefore found that Plaintiff had not been denied medical care. Plaintiff appealed the grievance to Steps II and III, but he received no further grievance responses.

Plaintiff requests nominal, compensatory and punitive damages for relief on his claims.

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies").

Plaintiff's claims of inadequate medical treatment are the types of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Indeed, Plaintiff filed two grievances related to

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the form complaint in this action.

portions of his complaint, both of which he appealed to all three steps of the grievance process. The first grievance complained that he was seen only by a nurse for approximately 1½ months, during which time his appointment with the physician was delayed. He did not name any individuals in his grievance, as required by *Curry*, 249 F.3d at 505, and *Thomas*, 337 F.3d at 735. The second grievance mentioned the conduct of an unnamed physician's assistant at DRF, presumably Defendant Filsinger. Although Plaintiff alleged that he expected Filsinger to schedule him for an appointment with Dr. Isaacs, he alleged no actual conduct by Dr. Isaacs. No other Defendants were named in the grievance. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies against Defendants CMS, Pramstaller, Bergerding, Messany, Nelson, Wisniewski, Spitlers, Isaacs, and any unnamed members of the Pain Management Committee.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 720.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.

*See Wright*, 111 F.3d at 417.  Rather, dismissal of the unexhausted claims without prejudice is appropriate when Plaintiff has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).  Accordingly, the Court will dismiss without prejudice Plaintiff's claims against Defendants CMS, Pramstaller, Bergerding, Messany, Nelson, Wisniewski, Spitlers, Isaacs and unnamed members of the Pain Management Committee.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The only claim against a named Defendant that Plaintiff has exhausted through all steps of the administrative grievance process is his claim that Defendant Filsinger (named as "the PA" at DRF) told Plaintiff on August 27, 2004, that he would schedule an appointment with Dr. Isaacs in four weeks time, but he subsequently failed to do so.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated

individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In the instant case, Plaintiff's grievance completely failed to allege conduct that would meet either prong of the deliberate indifference standard. First, Plaintiff did not allege in his grievance and does not allege in his complaint that Filsinger ignored a substantial risk of serious harm to Plaintiff or that Filsinger's one-month delay in scheduling an appointment with the physician caused any detrimental effect to Plaintiff's condition. Plaintiff's complaint acknowledges that he was receiving pain medication at the time and that Filsinger explained the result of the MRI. Second, Plaintiff fails to allege that Filsinger acted with the requisite culpable state of mind to demonstrate the subjective component of the test. The claim that Filsinger told Plaintiff that he would schedule an appointment with Dr. Isaacs but failed to do so alleges nothing more than simple negligence. For both reasons, therefore, Plaintiff fails to state a claim against Defendant Filsinger.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss without prejudice Plaintiff's claims against Defendants CMS, Pramstaller, Bergerding, Messany, Nelson, Wisniewski, Spitlers, Isaacs and unnamed members of the Pain Management Committee because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a). The Court will dismiss with prejudice Plaintiff's claim against Defendant Filsinger for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        A Judgment consistent with this Opinion will be entered.


Dated:   April 22, 2005                          /s/   David W. McKeague
                                                        David W. McKeague
                                                        United States District Judge

Case 1:05-cv-00206-DWM-TPG    ECF No. 6 filed 04/25/05    PageID.35   Page 10 of 10